**MCI WORLDCOM COMMUNICATIONS, INC., et al., Plaintiffs,**

v.

**GAMMA COMMUNICATIONS GROUP, INC., d/b/a Gamma Communications Corp., et al., Defendants.**

No. 01 Civ. 1196(CBM).

United States District Court, S.D. New York.

Nov. 29, 2001.

Marc J. Rachman, Davis & Gilbert, L.L.P., New York City, for plaintiffs.

Laurence M. Sklaw, Newman & Berger, New York City, for defendants.

### MEMORANDUM OPINION & ORDER

MOTLEY, District Judge.

## I. INTRODUCTION

Plaintiffs, MCI Worldcom Communications, Inc., and MFS Telecom, Inc., are wholly-owned subsidiaries of WorldCom, Inc. (collectively "WorldCom") and bring this action against defendants Gamma Communications Group, Inc., d/b/a/ Gamma Communications Corp., Gamma Telecom International, Inc., and Gamma International, Inc. (collectively "Gamma"). Plaintiffs bring this breach of contract action pursuant to the Communications Act of 1934, 48 Stat. 1064 (codified as amended at 47 U.S.C. § 151 *et seq*). Subject matter jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1332, and 1337.

Plaintiffs filed this action in February 2001. The complaint alleges that defendants have failed to pay plaintiffs for telecommunications services provided to defendants pursuant to terms of various agreements and published F.C.C. Tariffs. Plaintiffs seek "approximately" $519,441.18, plus interest and costs and attorneys' fees. Defendants answered in April 2001, denying all the substantive allegations contained in the complaint.

Plaintiffs now move pursuant to Rule 37(b) of the Federal Rules of Civil Procedure for sanctions against defendants for failure to comply with the discovery plan that had been ordered by the court. Plaintiffs ask that the court strike defendants' answer and enter default judgment against defendants for $519,441.18 plus $31,166.47 in accumulated interest and $13,385.39 in attorneys' fees. Defendants have failed to oppose this motion. For the reasons stated in this opinion, plaintiffs' motion is GRANTED in part and DENIED without prejudice in part.

## II. FACTUAL BACKGROUND

Throughout the course of this action, defendants have proved to be altogether uncooperative adversaries. This case was originally assigned to Judge Wood, and on May 21, 2001, she signed a scheduling order requiring completion of all discovery by July 16, 2001. On June 11, 2001, the case was transferred to the undersigned. On July 12, 2001, plaintiffs' attorney wrote the court to request a sixty day extension of the July 16 deadline. Plaintiffs made the request because defendants had failed to produce any responses to plaintiffs discovery requests and had not provided their initial disclosures. *See* Fed.R.Civ.P. 26(a)(1). Plaintiffs made their initial disclosures on July 13, 2001.

Since defendants had failed to make their initial disclosures, plaintiffs were unable to proceed with deposition discovery. The court therefore granted plaintiffs unopposed request for an extension. This court entered an Order dated July 19, 2001, which provided

that "except for good cause shown, all discovery shall be completed by September 14, 2001."

On August 13, 2001, plaintiffs' attorney wrote the court again, requesting that the court "hold a pre-motion conference in connection with Defendant's failure to comply with the Court's Discovery Plan and Plaintiffs' discovery requests." In their letter, plaintiffs stated that defendants still had not made their initial disclosures. They also stated that defendants had failed to respond to plaintiffs' properly served First Request for Production of Documents and First Set of Interrogatories (with return dates of June 19, 2001). Defendants also had failed to produce any witnesses for deposition, despite plaintiffs having noticed the depositions of nine witnesses.[1] Plaintiffs also represented that they had spoken twice with defendants' counsel and that defendants' counsel had indicated that his clients had not been cooperating with him with respect to their discovery obligations. On August 28, 2001, the court entered an Order which scheduled a conference for September 11, 2001, at which time the court would hear "plaintiffs' request for leave to move for sanctions." Due the tragic events of September 11, 2001, the conference did not take place. On September 26, 2001, the court entered another Order which reset the September 11 conference for October 10, 2001.

At the October 10 conference, plaintiffs' counsel formally asked for leave to move for sanctions. At the conference, counsel for defendants did not dispute that plaintiffs had made several good faith attempts to engage in discovery and that defendants had failed to comply with repeated discovery requests, formal and informal. Defendants' counsel also stated that he had not responded to plaintiffs requests because his clients had not been forthcoming to him with their discovery obligations. He also stated that his clients are no longer in business and intimated that he doubted he would be paid for his legal services.

The court issued an Order at the end of the conference which gave plaintiffs until October 31, 2001, to file a motion for sanctions. Plaintiffs filed and served that motion on October 30. Defendants have neither responded in any way to the motion for sanctions nor have they informed the court that they have complied with their discovery obligations.

## III. DISCUSSION

### A. Motion for Sanctions

■ Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party "without substantial justification fails to disclose information required by Rule 26(a)," the court may impose sanctions, "includ[ing] any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)."

Rule 37(d)(2) provides that "[i]f a party . . . fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request," the court may impose the sanctions listed in Rule 37(b)(2)(A), (B), and (C).

Rule 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may impose the sanctions listed in subsections (A), (B), and (C) of that section.

As the factual background set forth in Part II, *supra*, indicates, defendants have engaged in conduct which is sanctionable under all three of these provisions of Rule 37.

Possible sanctions include "[a]n order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(C). "Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril.'" *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir.1995) (quoting *Update Art, Inc. v.*

---

1. Despite the fact that defendants had never made their initial disclosures, plaintiffs nevertheless served notices of deposition upon nine persons who, upon plaintiffs information and belief, are officers and/or employees of defendants.

*Modiin Publ'g., Ltd.,* 843 F.2d 67, 73 (2d Cir.1988)).

■ In the instant case, defendants have failed to comply with the discovery timetables set in the courts Orders of May 21, 2001, and July 19, 2001, and defendants have failed to offer any appropriate explanation for their noncompliance. After plaintiffs were given leave to move for sanctions and default judgment at the conference on October 10, defendants failed to respond to the motion or offer any reason for their noncompliance. Courts do not look favorably upon parties that fail to respond to court orders or remain silent in the face of repeated discovery requests. *See SEC v. McNulty,* 137 F.3d 732, 735–36 (2d Cir.1998) (default entered after defendant failed to file answer despite two extensions of time); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 507–08 (2d Cir.1991) (default judgment ordered when defendant admitted that he "deliberately chose not to appear [and] would not appear" for discovery or for trial); *Sieck v. Russo,* 869 F.2d 131, 133 (2d Cir.1989) (default judgment entered after defendant failed to appear for deposition for at least three months and ignored two orders to appear).

Counsel for defendants has indicated that he has informed his clients of their obligations and that they have consciously chosen not to respond. Moreover, defendants have not responded to plaintiffs noticed motion for sanctions. Such behavior is not to be countenanced by the court. While the court has many possible sanctions at its disposal, the fact that defendants have failed to respond in any way to this court's orders or discovery requests indicates that the ultimate sanction–striking of the Answer and entry of a default judgment–is an appropriate sanction. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *see also Sieck,* 869 F.2d at 134 (quoting *Nat'l Hockey League* ). The court will therefore grant plaintiffs' motion to strike the Answer and order the entry of a default judgment against defendants.

### B. Damages

■ Plaintiffs ask that the court direct entry of a default judgment in the amount of $519,441.18. This figure is apparently based on the allegation contained in paragraph 17 of their Complaint: "As a result of Defendant's breach of the Agreements and the Tariffs, WorldCom has sustained damages in the amount of approximately $519,441.18."

Plaintiffs have attached to the complaint as Exhibits A and B excerpts from the governing F.C.C. Tariffs regarding payment of charges for telecommunications services, interest on delinquent balances, availability of attorneys' fees to prevailing parties, and the noncontestablility of invoices over sixty days old. Plaintiffs, however, have failed to provide copies of the purported "Agreements" referenced in the Complaint. They have also failed to provide any invoices to substantiate their claim that they are entitled to "approximately $519,441.18."

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, before this court assigns a dollar amount to the default judgment, it will require the production of sufficient documentation so that it may "determine the amount of damages" to which the plaintiffs are entitled. The allegations of the complaint and the affidavit of plaintiffs' counsel, who does not claim to have personal knowledge of the amounts due, provide insufficient evidence upon which to enter the amount of the judgment. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 154–55 (2d Cir.1999).

Plaintiffs are to file and serve by December 18, 2001, (1) copies of the agreements referenced in the complaint and upon which plaintiffs' claims are premised, and (2) copies of invoices originally delivered to defendants which support a finding of liability in the amount of $519,441.18. The agreements and invoices should be accompanied by affidavits from person(s) with personal knowledge of the representations contained therein. De-

fendants shall have until January 4, 2002, to file and serve any objections to the total amount of damages claimed.

### C. Attorneys' Fees

 In their motion for sanctions and a default judgment, plaintiffs include a request for attorneys' fees and costs in this action pursuant to the terms of the F.C.C. Tariffs. Plaintiffs' request is procedurally defective. Discovery motions, such as the instant one for sanctions, must be opposed within four business days. *See* Local Civ. R. 6.1(a). A motion for attorneys' fees pursuant to the terms of an enforceable agreement must be opposed within ten business days. *See* Local Civ. R. 6.1(b). Plaintiffs must therefore file and serve a separate request for attorneys' fees.

Besides being procedurally improper, plaintiffs' request is not supported by sufficient documentation. "To compute a reasonable amount of attorneys' fees in a particular case requires more than simply a report of the number of hours spent and the hourly rate." *McGuire v. Russell Miller, Inc.,* 1 F.3d 1306, 1315 (2d Cir.1993). Plaintiffs have not provided even that much. *See* Rachman Cert. Ex. F.

Plaintiffs shall have until December 18, 2001, to file and serve their separate motion for attorneys' fees with supporting affidavits and detailed time sheets. Defendants' papers in opposition to the motion are to be filed and served by January 4, 2002.

### IV. CONCLUSION

For the foregoing reasons,

(1) Plaintiffs' unopposed motion for sanctions is GRANTED.

(2) It is hereby ORDERED that defendants' answer be stricken.

(3) It is further ORDERED that default judgment be entered against defendants.

(4) It is further ORDERED that plaintiffs shall file and serve by December 18, 2001, (1) copies of the agreements referenced in the complaint and upon which plaintiffs' claims are premised, and (2) copies of invoices originally delivered to defendants which support a finding liability in the amount of $519,441.18. The agreements and invoices should be accompanied by affidavits from person(s) with personal knowledge of the representations contained therein. Defendants shall have until January 4, 2002, to file and serve any objections to the total amount of damages claimed.

(5) Plaintiffs' request for attorneys' fees is DENIED without prejudice. Plaintiffs shall have until December 18, 2001, to file and serve a proper motion for attorneys' fees. Defendants' papers in opposition to the motion are to be filed and served by January 4, 2002.