TIFFANY (NJ) INC. and Tiffany
and Company, Plaintiffs,

v.

Milton LUBAN and Connie Luban,
individually and d/b/a/ Luban
Incorp.   Defendants.

No. 03 Civ. 2824(VM).

United States District Court,
S.D. New York.

Sept. 11, 2003.

James B. Swire, Marc S. Reiner, Joseph P. Allgor, Dorsey & Whitney, LLP, New York City, for plaintiffs.

## DECISION AND ORDER

MARRERO, District Judge.

By order dated July 22, 2003, the Court authorized entry of a default judgment in favor of plaintiffs Tiffany (NJ) Inc. and Tiffany and Company (collectively, "Tiffany") and against defendants Milton and Connie Luban and their company Luban Incorp. (collectively, the "Lubans"), the proprietors of an internet site selling counterfeit Tiffany merchandise in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1116(d). Upon consideration of Tiffany's written and oral evidence as to its damages, the Court awards Tiffany a judgment in the amount of $573,818.64.

## I. BACKGROUND

According to the complaint, Tiffany, the world-renowned store, sells luxury goods such as jewelry, silver, china, glassware, crystal and clocks. Over the last ten years alone, Tiffany has spent over $580 million advertising and promoting its products, and has built considerable goodwill with Tiffany trademarks "Tiffany," "Tiffany & Co.," and "T & Co." The Lubans operate the website www.finest4less.com, which sells counterfeit Tiffany jewelry bearing the Tiffany trademarks. In February 2003, Tiffany wrote a letter to the Lubans urging them to cease selling counterfeit Tiffany merchandise. The Lubans continued to willfully infringe on the Tiffany trademarks, and in June 2003, Tiffany brought this lawsuit.

Despite proper service, the Lubans never answered the complaint, and the Court entered a default judgment against them.

## II. DISCUSSION

When the Court enters a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint," *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981), but "the amount of damages are not deemed true." *Credit Lyonnais Securities (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir.1999). The Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* This inquiry "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.*

Tiffany has elected to recover statutory damages under 15 U.S.C. § 1117(c), instead of actual damages. The statutory damages provision was added in 1995 because "counterfeiters' records are frequently nonexistent, inadequate, or deceptively kept ..., making proving actual damages in these cases extremely difficult if not impossible." S.Rep. No. 104–177, at 10 (1995). Plaintiffs may recover between $500 and $100,000 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just," or if the violation was willful, up to "$1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.*

By virtue of the default, the Lubans' infringement is deemed willful, and therefore the Court has discretion to award anywhere between $500 and $1,000,000 per counterfeit mark per type of good sold. The statute "does not provide guidelines for courts to use in deter-

mining an appropriate award," *Louis Vuitton Malletier v. Veit*, 211 F.Supp.2d 567, 583 (E.D.Pa.2002), and is only limited by what "the court considers just." 15 U.S.C. § 1117(c). However, courts have found some guidance in the caselaw of an analogous provision of the Copyright Act, 17 U.S.C. § 504(c), which also provides statutory damages for willful infringement. *See, e.g., Louis Vuitton*, 211 F.Supp.2d at 583; *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F.Supp.2d 161, 166 (S.D.N.Y.1999). Under the Copyright Act, courts look to factors such as: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir.1986).

■ Tiffany has identified 28 separate counterfeit Tiffany items on the www.finest4less.com website, each of which allegedly infringes upon at least four Tiffany trademarks. Thus, Tiffany alleges the statutory maximum could be a sum exceeding $100 million. Tiffany urges the Court to award no less than $550,000 against the Lubans, jointly and severally. Tiffany first emphasizes that the Lubans acted willfully, even after Tiffany sent the Lubans a letter urging them to cease their counterfeit sales. Although the Court cannot determine the extent of the Lubans' gain, or Tiffany's loss, from the counterfeit sales, Tiffany points out that, by selling over the internet, the Lubans had access to a "virtually limitless number of customers." *Rolex Watch U.S.A., Inc. v. Jones*, No. 99 Civ. 2359, 2002 WL 596354, at *5 (S.D.N.Y. April 17, 2002); *see also Louis Vuitton*, 211 F.Supp.2d at 584 ("While the record contains no evidence of the actual scope of the defendants' sales, nor the number of hits the internet site received, given the scope of the internet supermarket, such sale offerings are presumptively quite high. . . .").

Tiffany states that this amount will serve the goals of compensating Tiffany, punishing the Lubans, and deterring counterfeiters generally. Tiffany also notes that this award is within the range of awards in similar cases. *See Louis Vuitton*, 211 F.Supp.2d at 583 ($1 million); *Sara Lee*, 36 F.Supp.2d at 170 ($750,000 after default); *Jones*, 2002 WL 596354, at *6 ($600,000 after default).

For the reasons set forth above, the Court agrees that Tiffany's suggested statutory damages figure is reasonable. Accordingly the Court awards Tiffany $550,000 in statutory damages.

Under 15 U.S.C. § 1117(b), Tiffany is also entitled to reasonable attorney's fees. Tiffany has provided detailed records indicating its fees, plus taxable costs and disbursements, to be $23,818.64. The Court finds the records adequate and the fee reasonable and therefore awards Tiffany judgment for an additional $23,818.64.

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that defendants Milton Luban and Connie Luban, individually and d/b/a Luban Incorp., are found liable, jointly and severally, to the plaintiffs Tiffany (NJ) Inc. and Tiffany and Company and the Clerk of Court is directed to enter judgment in the total amount of $573,818.64, representing statutory damages of $550,000 and attorney's fees and costs of $23,818.64.

The Clerk of Court is directed to close this case.

**SO ORDERED.**