**AHAVA (USA), INC., Plaintiff,**

**v.**

**J.W.G., LTD. Defendant.**

**No. 03 CIV. 653.**

United States District Court,
S.D. New York.

Oct. 9, 2003.

See also 2003 WL 21983020, 279 F.Supp.2d 219.

Marc P. Misthal, Gottlieb, Rackman & Reisman, New York, NY, for Ahava.

Ralph Fucetola, Newton, NJ, for JWG, Ltd.

### *DECISION AND ORDER*

MARRERO, District Judge.

By order dated June 19, 2003, the Court granted plaintiff Ahava (USA), Inc. ("Ahava") a default judgment (the "Judgment") against defendant J.W.G., Ltd. ("JWG"). In a Proposed Findings of Fact and Conclusions of Law Regarding Damages (the "Motion"), Ahava moved for damages, attorney's fees and costs against JWG, and submitted the declaration (the "Declaration") of Marc P. Misthal, an attorney for Ahava, in support. For the reasons set forth below, the Court finds JWG liable to Ahava in the amount of $57,488.34, and directs entry of judgment against it in that amount.

### I. *BACKGROUND*

Ahava sells certain health and beauty care products (the "Products") manufactured by Dead Sea Laboratories, Ltd. ("DSL") in Israel under the trademarked brand name AHAVA. Since August of 1991, Ahava has been the only authorized distributor of the Products in the United States and has entered into two exclusive American distribution agreements with DSL, one in 1994 and the other in 2002. As a result, on January 9, 2003, DSL assigned the registered U.S. trademark for the Products (the "Trademark") to Ahava.

After an evidentiary hearing held before the Court on February 28, 2003 and a subsequent Decision and Order, dated March 17, 2003,[1] that outlined the Court's findings, reasoning and conclusions, Ahava moved for default judgment against JWG. In the Judgment, the Court found that JWG was selling the Products to American consumers through its website, *www.judaicawebstore.com* (the "Website"), in violation of certain federal and state laws. The Judgment decreed, *inter alia,* that JWG was permanently enjoined from selling the Products through the Website to consumers in the United States. In a letter dated July 8, 2003 (the "Letter"), JWG denied having submitted to the jurisdiction of this Court and indicated its intention to continue selling the Products to American consumers in violation of the Judgment. Because the Letter clearly raised the possibility that the permanent injunction ordered in the Judgment was being and would continue to be violated, the Court called for the parties to appear before the Court on Friday, August 1, 2003 for an evidentiary hearing (the "Hearing") to determine whether JWG was violating any of the terms of the Judgment. The Court also ordered JWG to show cause by August 1, 2003 why Ahava's motion to hold JWG in contempt of Court should not be granted.

JWG did not attend the Hearing, but Ahava did and presented further evidence that JWG was continuing to violate the terms of the Judgment. At the close of the Hearing, the Court agreed to consider a subsequent motion and proposed relief by Ahava to find JWG in contempt of court. In a letter dated August 6, 2003, Ahava enclosed a proposed contempt order (the "Proposed Order") requiring that

JWG cease any activities barred by the Judgment within ten days of the Court entering the Proposed Order, and that JWG remit to Ahava its gross profits earned from the sale of the Products to customers in the United States and pay Ahava's attorneys' fees and costs incurred in connection with the motion for contempt. The Proposed Order further requested that a fine of $1,000 per day be imposed upon JWG if JWG did not cease conducting the barred activities. On August 18, 2003, the Court granted the Proposed Order.

On September 5, 2003, Ahava submitted the Motion requesting an order requiring JWG to pay Ahava $297,488.34 in monetary damages, attorneys' fees and costs. The Court considers the Motion below.

## II.  *DISCUSSION*

### A.  *STANDARD    FOR    DEFAULT JUDGMENT DAMAGES*

▮▮ When the Court enters a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint," *Au Bon Pain Corp. v. Artect, Inc.,* · 653 F.2d 61, 65 (2d Cir.1981), but "the amount of damages are not deemed true." *Credit Lyonnais Securities (USA) v. Alcantara,* 183 F.3d 151, 152 (2d Cir.1999). The Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* This inquiry "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* In calculating damages, the Court "need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain,* 653 F.2d at 65.

**1.**  The Decision and Order is reported at *Ahava (USA), Inc. v. J.W.G., Ltd.,* 250 F.Supp.2d 366 (S.D.N.Y.2003).

■ Accordingly, the Court will consider to what extent Plaintiffs, via the Motion and the Declaration, have demonstrated "with reasonable certainty" that they are legally entitled to damages. The Court has wide discretion in this regard. *See Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 321 (2d Cir.1986) (reviewing default damages for abuse of discretion).

## B. *PLAINTIFFS' ALLEGED DAMAGES*

■ Ahava first requests damages from JWG, alleging that JWG's sales of the Products have been willful and have not ceased despite this Court's various orders. Section 35 of the Lanham Act (the "Act"), 15 U.S.C. § 1117, permits prevailing plaintiffs to recover defendant's profits, any damages sustained by the plaintiff, and costs of the action. *See George Basch Co. v. Blue Coral, Inc.,* 968 F.2d 1532, 1537 (2d Cir.1992). There are "three categorically distinct rationales" for awarding profits under the Lanham Act: "(1) the defendant is unjustly enriched; (2) the plaintiff sustained damages from the infringement; or (3) the award of profits is necessary to deter a willful infringer from doing so again." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 82 F.Supp.2d 136, 141 (S.D.N.Y.2000) (citing *Basch,* 968 F.2d at 1537). Under each of these rationales, "a plaintiff must prove that an infringer acted with willful deception." *Id.* (quoting *Basch,* 968 F.2d at 1540).

Ahava contends that it is owed an award of JWG's profits from the unauthorized sale of the Products in order to deter JWG's willful infringement of the Trademark. The Court has determined that JWG's conduct and infringement has been willful, given that, among other things, JWG has expressed in the Letter its refusal to abide by the Court's orders to refrain from continued infringement.

However, the only evidence Ahava presents to demonstrate the amount of sales JWG made of the Products is a newspaper article from the Jewish Forward, dated March 14, 2003, which states, in an interview with JWG's President Arik Bar–El, that JWG "sells $30,000 [of the Products] *worldwide* every month." (*"Judge Bars Web Site's Sales of Dead Sea Balms,"* attached as Exhibit D to Declaration) (emphasis added). The complaint Ahava filed in this action, and the Court's rulings on the matter until this date, have considered only JWG's sales to American consumers. The number cited in the Jewish Forward article provides no breakdown between American consumers and foreign consumers, and thus the Court concludes that Ahava has not demonstrated this measure of damage with reasonable certainty. Ahava shall have leave to file a supplemental application for damages providing sufficient evidence of JWG's sales to American consumers.

## C. *ATTORNEY'S FEES*

■ Ahava seeks attorney's fees under the Act, pursuant to which the Court may award reasonable attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). The Second Circuit has understood this standard to mean instances of "fraud or bad faith" or "willful infringement." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.,* 317 F.3d 209, 221 (2d Cir. 2003) (citations omitted). As discussed above, the Court finds that JWG's conduct constituted willful infringement. After reviewing Ahava's thorough submissions accounting for the time its lawyers spent preparing the multitude of documents and motions required in this matter, (*see* Exh. C to Declaration), the Court is persuaded that its requests for attorney's fees are properly justified and reasonable. The Court also notes that the costs could have

 

been far lower if JWG had not failed to respond to or disregarded this Court's orders, which then required Ahava to conduct further motion practice. Thus, the Court awards Ahava $52,594 in attorney's fees.

### D. *COSTS*

Ahava's law firm retained an outside investigator to investigate JWG's actions and conduct trademark searches, incurring a cost of $1,410.61. (*See* Declaration, at ¶ 14.) The Court will allow the fee, once again noting that JWG could have avoided such charges by cooperating with Ahava and the Court in this proceeding. *See Brown v. Party Poopers, Inc.*, No. 00 Civ. 4799 (JSM), 2001 WL 1380536, at *7 (S.D.N.Y. July 9, 2001) (awarding investigator's fee). In addition, Ahava requests reimbursement of $3585.54 for its costs related to LEXIS charges, correspondence, translation fees, and other miscellaneous expenses, as well as the Court filing fee of $150. The Court is persuaded that these are reasonable costs, especially considering the difficulty in reaching JWG because of both its intransigence and its location in Israel. Accordingly, the Court awards Ahava $4894.34 for costs.[2]

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that defendant J.W.G., Ltd. is found liable to plaintiff Ahava (USA), Inc. and the Clerk of Court is directed to enter judgment in the amount of $57,488.34, and it is further

**ORDERED** that within twenty (20) days of the date of this order Ahava may file a supplemental application for dam-

ages as measured by defendant's profits from sale of Ahava products to American consumers in willful violation of plaintiff's trademark.

SO ORDERED.

---

**2.** The Court calculates the total expenses to be $4,996.15, but the Declaration asserts that the expenses are $4,894.34. Consequently, the Court proceeds using the lower number provided in the Declaration.