**Melanie TARKA, Plaintiff–Appellant,**

v.

**Bernard ARMSTRONG, Individually, as Clerk of the Surrogate's Court of New York County; John Doe I, Individually, as Clerk of Surrogate's Court of New York County; John Doe II, Individually, as Clerk of the Surrogate's Court of the New York County; Jane Doe, I, Individually, as Court Attorney of the Surrogate's Court of New York County; Jane Doe, II, Individually, as Court Attorney of the Surrogate's Court of New York County, Defendants–Appellees.**

New York, sitting by designation.

748

Docket No. 03–7006.

United States Court of Appeals,
Second Circuit.

Aug. 5, 2004.

Melanie Tarka, New Haven, CT, for Appellant, pro se.

Carol Fischer, Assistant Solicitor General of the State of New York, New York, NY, for Appellees.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Melanie Tarka appeals from a judgment of the district court dismissing her civil rights complaint against defendant Bernard Armstrong, Clerk of the New York County Surrogate's Court, on Eleventh Amendment grounds in his official capacity and on res judicata grounds in his individual capacity. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows:

(1) Armstrong limits her appeal to the district court's dismissal of claims against Armstrong and does not question its dismissal of her claims against the Jane and John Doe defendants. Therefore, we do not address the propriety of the Doe dismissals.

(2) We agree with the district court that Tarka brought a prior lawsuit against Armstrong in his individual capacity that was (a) based on the same transactions and occurrences and (b) dismissed on the merits. Therefore, all claims against Armstrong in his individual capacity were properly dismissed on the basis of res judicata or claim preclusion. *See L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.,* 198 F.3d 85, 87–88 (2d Cir.1999).

(3) We decline to consider Tarka's claim, raised for the first time in her reply brief, that the prior court decision does not have claim preclusive effect because of an intervening Supreme Court decision, *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). *See O'Hara v. Weeks Marine, Inc.,* 294 F.3d 55, 67 n. 5 (2d Cir.2002).

(4) All claims against Armstrong in his official capacity were correctly dismissed pursuant to the Eleventh Amendment. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

(5) Because Tarka's claims were barred by claim preclusion and the Eleventh Amendment, the district court did not abuse its discretion by failing to enter a default judgment against Armstrong. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 154 (2d Cir.1999) (noting that the existence of a meritorious defense should be considered in determining whether to enter a default judgment).

Therefore, we affirm the district court's judgment.