18-1581-cv
*Gomez v. 4 Runners, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
              JOSÉ A. CABRANES,
              SUSAN L. CARNEY,
                       *Circuit Judges*.

_____

MARIO HERNANDEZ GOMEZ, individually, and on behalf of all others similarly situated, MARINA VELASQUEZ, individually, and on behalf of all others similarly situated,

                         *Plaintiffs-Appellants*,

                              v.                                                    No. 18-1581-cv

4 RUNNERS, INC., DBA Istanbul Grill, EROL DONER,

                         *Defendants-Appellees*,

DAYAKLI AZMAN, MURAT ERSEN,

                         *Defendants*.

_____

For Plaintiffs-Appellants:                  Shawn R. Clark, Michael Faillace & Associates, P.C., New York, New York.

For Defendants-Appellees:   Yale Pollack, The Law Offices of Yale Pollack, P.C., Syosset, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and that the case is **REMANDED** for further proceedings consistent with this order.

Plaintiffs Mario Hernandez Gomez and Marina Velasquez sued defendants 4 Runners, Inc. and its owner Erol Doner under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and New York Labor Law, §§ 190 *et seq.* and 650 *et seq.*, principally claiming that they worked over forty hours per week without being paid overtime and over ten hours per day without receiving "spread of hours" wages. Defendants consented to entry of a default judgment on liability, and the district court referred the case to Magistrate Judge Fox to determine the appropriate damages award.

Although a default judgment establishes legal liability, courts must still "ascertain the amount of damages with reasonable certainty," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), accepting as true all factual allegations in the complaint except those relating to damages, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).[1] To establish damages under the FLSA, plaintiffs must show that they performed work for which they were not properly compensated. *See Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 66-67 (2d Cir. 1997). Absent employer records, "employees need only . . . produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, citations, and footnotes.

inference." *Id.* at 69. "[A]n employee's burden in this regard is not high. . . . [I]t is possible for a plaintiff to meet this burden through estimates based on his own recollection." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011). The burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. Should the employer fail to produce such evidence, the court may award damages, even though the result is only approximate." *Reich*, 121 F.3d at 69.

Here, the magistrate judge ordered that plaintiffs file proposed findings of fact and conclusions of law, along with supporting affidavits and exhibits, and gave defendants an opportunity to respond. Plaintiffs largely complied with the order, filing their proposed findings of fact along with a declaration from Velasquez, but not from Hernandez. Plaintiffs' brief referenced an "Exhibit A" that was purportedly a "full accounting" of plaintiffs' damages, App. at 62, but they did not attach a document with that name. The magistrate judge then ordered them to file the missing exhibit, which they did.

Thereafter, the magistrate judge issued a report and recommendation on the papers, concluding that neither plaintiff had established any damages. As to Hernandez, the magistrate judge explained that there was no evidence of his losses in the record because Hernandez had submitted no declarations or exhibits supporting his alleged hours worked, compensation, or uncompensated expenses. Velasquez, in contrast, did submit such a declaration, but the magistrate judge found that it was not credible. The district court accepted the magistrate judge's recommendations. Plaintiffs now argue that it was an abuse of discretion to deny them a chance to correct the shortcomings the magistrate judge identified either through a hearing or by submitting additional documentary evidence.

## I.  Plaintiff Hernandez

As to plaintiff Hernandez, we affirm. The magistrate judge ordered Hernandez to submit "an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of [his] damages." App. at 44. Hernandez did not do so, instead citing only to the allegations in the complaint, which are not evidence and are not accepted as true as they relate to damages. *See Au Bon Pain*, 653 F.2d at 65. The district court therefore had no basis from which to reasonably infer Hernandez's damages and reasonably awarded him none.

The district court was not required to hold a hearing before reaching this conclusion. The Federal Rules of Civil Procedure provide that, after the entry of a default judgment against a defendant, the court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). "By its terms, 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). The district court did not abuse this discretion by declining to give Hernandez a second chance to submit evidence of his damages.

## II.  Plaintiff Velasquez

However, we find that the district court erred in declining to award plaintiff Velasquez any damages without giving her an opportunity to address the minor problems in her declaration that the magistrate judge identified.

First, we cannot conclude that the district court was correct when it stated that Velasquez was "given a fair opportunity to correct [her] deficient submission[]," but "failed to provide sufficient evidence of [her] damages." App. at 98. The magistrate judge's November 8, 2017 order provided plaintiffs only with an opportunity to submit Exhibit A, which displays the

4

calculations that plaintiffs argued the district court should perform to determine damages. The order did not identify any other deficiencies or provide Velasquez with an opportunity to submit any further evidence. Moreover, Velasquez, unlike Hernandez, *did* submit admissible evidence of her damages in the form of a declaration dated March 29, 2017, approximating the hours she worked and how much she was paid. Absent employee records to the contrary, these "estimates based on [her] own recollection" suffice to establish damages. *Kuebel*, 643 F.3d at 362.

Second, although the district court did not address the magistrate judge's adverse credibility determination regarding Velasquez, we now conclude that the magistrate judge should not have made that determination absent a hearing or further proceedings. While we are generally very deferential to lower courts' credibility determinations, a district court cannot "insulate [its] findings from review by denominating them credibility determinations." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

The magistrate judge's principal basis for finding that Velasquez's March 2017 declaration was not credible is that the dates and hours that she says she worked are slightly inconsistent with those stated in the complaint and in her declaration filed in April 2016 in opposition to defendants' motion to dismiss. Namely, the complaint described Velasquez as working from 2003 to "the present," App. at 17, which the magistrate judge took to mean November 12, 2014, the date the complaint was filed. But Velasquez's March 2017 declaration stated that she worked until *September* 2014, two months earlier. In addition, the complaint alleged, and Velasquez stated in her April 2016 declaration, that she typically worked 60.5 hours per week through October 2013 and 30.5 hours per week thereafter. But in her March 2017 declaration, Velasquez stated that she typically worked only 56 to 57 hours per week through October 2013 and 30.5 hours per week thereafter. App. at 64-65.

5

Most importantly, defendants admitted in their proposed findings of fact that Velasquez worked "5 days per work week from 11am until 10pm" from "approximately October 2008 until on or about October 2013," App. at 68, conceding that she worked over 10 hours per day and well over 40 hours per week for five years. Defendants proposed no facts about how much Velasquez was paid, effectively admitting that her declaration was accurate on this point. Defendants have thus conceded facts sufficient to establish at least some damages. Moreover, these are minor inconsistencies, and the law recognizes that employees do not have perfect memories, permitting "only approximate" damages awards when employers cannot produce reliable records. *Reich*, 121 F.3d at 66-67. Furthermore, the declaration the magistrate judge discredited indicates that Velasquez worked fewer hours per day than she stated earlier, and plaintiffs do not tend to lie to deflate their damages, and whether Velasquez worked until September or November 2014 is irrelevant because Velasquez admits she worked fewer than forty hours per week and ten hours per day after October 2013.

The magistrate judge was also troubled because the declaration states that Velasquez's "primary language" is Spanish, App. at 66, but there is no indication in the record that Velasquez received a translation of her declaration. Thus, according to the magistrate judge, "it is not clear . . . that Mariana Velasquez wrote or understood the declaration that she signed." App. at 87. While this may raise a question, any suspicion could have been easily confirmed or disproven at a hearing or with further proceedings.

The magistrate judge was also concerned that Velasquez twice described her position as a "dishwasher/general assistant," App. at 21, 64, but once did not explicitly include dishwasher in the list of her responsibilities, instead stating that her work "consisted of bussing tables, restocking merchandise, cleaning, packing orders for delivery, making occasional deliveries,

6

preparing food, and working as a cashier." Dist. Ct. Dkt. No. 35 ¶5. We see no inconsistency here, as "cleaning" reasonably encompasses washing dishes. And even if this were an inconsistency, it would be both understandable and immaterial. The complaint also named the plaintiff as "Marina Velasquez," *e.g.*, App. at 13, but the March 2017 declaration was from "Mariana Velasquez," App. at 66. We think this misspelling was trivial—after all, defendants did not dispute that they employed Velasquez—and the district court should not have dismissed Velasquez's sworn statements on that basis.

For the reasons set forth above, we **AFFIRM** the judgment as to Hernandez, **VACATE** the judgment as to Velasquez, and **REMAND** the case for the district court to either calculate and award damages or to give Velasquez an opportunity to address the inconsistencies that the magistrate judge identified.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
