24-1444-cv
*Oparaji v. Home Retention Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of July, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges*.

_____

MAURICE OPARAJI,

> > *Plaintiff-Appellant*,

> v.                                                                24-1444-cv

HOME RETENTION CORP., BORCHERT AND LASPINA, PC, ROBERT W. FROMMER, AKERMAN LLP, JORDAN SMITH,

> > *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:              Maurice Oparaji, *pro se*, Rosedale, New York.

FOR DEFENDANTS-APPELLEES:              Ashley S. Miller, Akerman LLP, New York, New York, *for* Akerman LLP and Jordan Smith.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on May 16, 2024, is **AFFIRMED**.

Plaintiff-Appellant Maurice Oparaji, proceeding *pro se*, initiated this action against Defendants-Appellees Home Retention Corporation ("HRC"), two law firms, Borchert and Laspina, PC and Akerman LLP (the "law firm defendants"), and agents of those law firms, alleging that the Appellees violated provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.*, and the analogous New York law, New York General Business Law ("N.Y. GBL") § 399-p and § 399-z, as well as various other state law claims. Oparaji moved for a default judgment and damages against HRC, while the law firm defendants moved to dismiss his complaint for lack of subject matter jurisdiction and failure to state a claim.

Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R"), recommending the following: (1) granting Oparaji's motion for default judgment against HRC, but only as to his claim under Section 227(c)(5) of the TCPA; (2) granting the law firm defendants' motions to dismiss for failure to state a claim against them under either the TCPA or New York General Business Laws; and (3) declining to exercise supplemental jurisdiction over Oparaji's fraud-based state law claims against the law firm defendants. *See generally Oparaji v. Home Retention Corp.*, No. 21-cv-2758 (ENV) (LB), 2022 WL 987560 (E.D.N.Y. Jan. 11, 2022) ("*Oparaji I*"). Oparaji objected, and the district court applied clear error review to the R&R and adopted it in its entirety. *See generally Oparaji v. Home Retention Corp.*, No. 21-cv-2758 (ENV) (LB), 2023 WL 2155764 (E.D.N.Y. Feb. 22, 2023) ("*Oparaji II*").

Thereafter, Magistrate Judge Bloom issued a second R&R, addressing Oparaji's damages claim against HRC under Section 227(c)(5) of the TCPA, and recommending an award of $500 in statutory damages per violation, for a total of $8,000, plus costs. *See generally Oparaji v. Home Retention Corp.*, No. 21-cv-2758 (ENV) (LB), 2023 WL 7687217 (E.D.N.Y. Sept. 26, 2023) ("*Oparaji III*"). The district court also adopted this R&R in its entirety. *See generally Oparaji v. Home Retention Corp.*, No. 21-cv-2758 (ENV) (LB), 2024 WL 2150338 (E.D.N.Y. May 14, 2024) ("*Oparaji IV*"). Oparaji timely appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks and citation omitted). "We review the findings of a district court in connection with a damages award for clear error and questions of law *de novo*." *Henry v. Oluwole*, 108 F.4th 45, 51 (2d Cir. 2024) (internal citation omitted).

As a threshold matter, Oparaji argues that the district court erred by reviewing the first R&R for clear error, rather than conducting a *de novo* review in light of his objections. "Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge gives a recommendation on

---

[1] In his brief, Oparaji does not challenge the district court's conclusion that he failed to state a claim against the law firm defendants under Sections 227(b)(1) and 227(c)(5) of the TCPA or N.Y. GBL § 399-z. Nor does Oparaji challenge the district court's decision to decline to exercise supplemental jurisdiction over his fraud-based state law claims. Thus, Oparaji has abandoned these issues on appeal. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).

a dispositive motion '[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.'" *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quoting Fed. R. Civ. P. 72(b)(3)). Here, the district court reviewed the R&R for clear error because it found that Oparaji did not properly object to the R&R because he either made conclusory objections or merely reiterated prior arguments. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b) . . . ."). However, the district court also explicitly stated, in the alternative, that it "would have reached the same conclusions had it reviewed the R&R *de novo*." *Oparaji II*, 2023 WL 2155764, at \*4 n.3. Accordingly, Oparaji's argument regarding the improper application of the clear error standard to his objections to the first R&R provides no basis for reversal.

Oparaji also argues that the district court overlooked N.Y. GBL § 399-p, but this argument lacks merit. Under N.Y. GBL § 399-p, "[n]o person shall operate an automatic dialing-announcing device, nor place any consumer telephone call, except in accordance with the provisions of this section." N.Y. GBL § 399-p(2). As the district court correctly noted, Oparaji's complaint did not allege that any of the calls came from an automatic dialing device. *Oparaji II*, 2023 WL 2155764, at \*12–13. Instead, he detailed conversations with specific live representatives of HRC, identifying them by name. Therefore, we agree with the district court's conclusion that Oparaji failed to state a Section 399-p claim.

Finally, Oparaji asserts that the district court should have awarded him a higher amount of damages against HRC under Section 227(c)(5) of the TCPA. We are unpersuaded. "When a default judgment is warranted based on a party's failure to defend, the allegations in the complaint

4

with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* For violations of Section 227(c)(5), a plaintiff may "recover for actual monetary loss" or "receive up to $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(c)(5)(B). "If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *Id.* § 227(c)(5)(C).

The district court's statutory damages calculation correctly applied the law and its factual findings did not reflect clear error. After analyzing the phone records submitted by Oparaji, the district court linked sixteen phone calls to Oparaji's allegations and assessed a statutory damages award of $500 for each call, for a total of $8,000. *See Oparaji IV*, 2024 WL 2150338, at *3. Although Oparaji contends that additional phone numbers and calls were also linked to HRC, his contention lacked adequate support in the record. Nor is there any basis to disturb the determination that Oparaji was not entitled to treble damages. *See id*. at *2.

*          *          *

We have considered Oparaji's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court