Joseph ATIAS, Plaintiff–Appellant,

v.

Robert H. SEDRISH, Defendant–Appellee.

No. 02–7873.

United States Court of Appeals,
Second Circuit.

Feb. 11, 2005.

Boris Kogan, Boris Kogan & Associates, New York, NY, for Appellant.

Present: POOLER, B. PARKER, Circuit Judges, and CASTEL, District Judge.**

SUMMARY ORDER

Plaintiff-appellant Joseph Atias appeals from a default judgment of the district court adopting a report and recommendation of a magistrate judge. The report and recommendation, following a default

** The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

judgment against defendant-appellee Robert Sedrish, denied Atias damages and dismissed his complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

As this proceeding follows a default judgment, we take liability and all well-pleaded allegations of Atias' complaint to be proven and give Atias the benefit of all reasonable inferences therefrom, except where pertaining to damages. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981). We review findings of fact for clear error, and review conclusions of law de novo. *Travelers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574–75 (2d Cir.1994).

Atias first argues that he was entitled to lost profits damages. To recover lost profits damages for breach of contract under New York law, a plaintiff must make three showings: 1) the damages were caused by the breach; 2) the damages are provable with reasonable certainty; and 3) the damages were within the contemplation of the parties at the time of contract. *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 404, 604 N.Y.S.2d 912, 624 N.E.2d 1007 (1993) (citing *Kenford Co. v. County of Erie*, 67 N.Y.2d 257, 261, 502 N.Y.S.2d 131, 493 N.E.2d 234 (1986)).

▪ The magistrate's report found no reasonable certainty and no contemplation of lost profits damages. Atias' estimate of lost profits of $325,000 are based on a 15–year projection relying on numerous assumptions, including a steady 10% per year increase in apartment prices, a constant rate of rent-regulated apartments being vacated, minimal repairs and renovations, and a fairly low level of risk. *See generally Kenford*, 67 N.Y.2d at 260—62, 502 N.Y.S.2d 131, 493 N.E.2d 234 (finding no reasonable certainty where lost profits projections were based on 20–year projection relying on successful construction and operation of a new stadium). While Atias' projections are more well-founded than those in *Kenford*, Atias' suspect assumptions prevent us from finding clear error in the magistrate's conclusion that lost profits were not demonstrated with reasonable certainty.

▪ Atias next argues that he is entitled to lost asset damages. Here, Sedrish did not argue below that he should be awarded lost asset damages. Even if we were to consider this argument, the value of a "hybrid" income-producing lost asset is determined, where possible, by market value. *Schonfeld v. Hilliard*, 218 F.3d 164, 176 (2d Cir.2000). Sedrish's breach caused the loss of Atias' right to purchase the LeHavre apartments, a right whose value was determined by arms-length negotiation to be $67,500. However, Sedrish's breach and the rescission of the Greenthal agreement also extinguished Atias' obligation to pay $67,500 in cash. Atias' net asset loss is therefore zero, and he consequently cannot recover on a lost asset theory.

Atias finally argues that he is independently entitled to lost profit and lost asset damages by reason of his breach of fiduciary duty claim. Lost profits are recoverable on such claims, but still require the same causation and reasonable certainty as in the breach of contract context. *American Fed. Group, Ltd. v. Rothenberg*, 136 F.3d 897, 907–08 & n. 7 (2d Cir.1998). For the reasons above, we hold that Atias cannot recover his lost profits or lost assets by reason of Sedrish's breach of fiduciary duty.

We have considered Atias' other arguments and find them to be without merit.

For the above reasons, we affirm the judgment of the district court.