**SANTANA PRODUCTS, INC.,**
Plaintiff–Appellee,

v.

**SYLVESTER & ASSOCIATES, LTD.,**
and Frederick E. Sylvester,
Defendants–Appellants.

No. 06–5615–cv.

United States Court of Appeals,
Second Circuit.

May 22, 2008.

Carl W. Hittinger (Gregory J. Samurovich and Nicholas T. Solosky, on the brief), DLA Piper U.S. LLP, Philadelphia, PA, for Defendant–Appellant.

Paul J. Esatto, Scully Scott Murphy & Presser, Garden City, NY, for Plaintiff–Appellee.

PRESENT: Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges, and Hon. LOUIS F. OBERDORFER, District Judge.*

* The Honorable Louis F. Oberdorfer, of the United States District Court for the District of

## SUMMARY ORDER

Defendants–Appellants Sylvester & Associates and Frederick E. Sylvester (collectively, "Appellant") appeal from the November 13, 2006 opinion and order of the District Court for the Eastern District of New York (Ross, J.) granting Plaintiff–Appellee's motion to dismiss with prejudice and denying Appellant's application for attorney's fees. Appellant also moves to supplement the record on appeal. We assume the parties' familiarity with the facts and proceedings below.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a)(3). Attorney's fees should be awarded pursuant to § 1117 "only 'on evidence of fraud or bad faith.'" *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 166 F.3d 438, 439 (2d Cir.1999) (quoting *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1383 (2d Cir.1993)). We review the district court's determination in this regard for abuse of discretion. *Id.* Our review is "highly deferential," *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir.2001), but we will find an abuse of discretion if the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

We have considered all of Appellant's claims of error, and we find them to be without merit. We first address Appellant's somewhat confused attempt to invoke claim preclusion in this case. For example, Appellant argues that the district court erred in considering the misleading nature of the Advisory Bulletin as evidence

Columbia, sitting by designation.

of Appellee's good faith in bringing this lawsuit. Appellant contends that because Appellee did not argue in the Middle District of Pennsylvania that the Advisory Bulletin was misleading, Appellee could not raise such an argument in this action, as the argument "could have been, but was purposefully not argued, to the Pennsylvania Court." This argument, worded as it is, is one of claim preclusion, not issue preclusion. Claim preclusion (or res judicata) precludes a litigant from raising arguments that "could have been . . . raised in the prior action," *Monahan v. N.Y. City Dep't of Corrections,* 214 F.3d 275, 285 (2d Cir.2000), whereas issue preclusion (or collateral estoppel) only "bars a party from relitigating in a second proceeding an issue of fact or law that was *litigated* and *actually decided* in a prior proceeding," *id.* at 285 n. 5 (emphasis added). Notwithstanding that Appellant attempts to stable its horse in the wrong barn, Appellant supports its invocation of claim preclusion on (1) Appellee's stipulation to the binding effect of the Middle District's judgment, and (2) Appellee's argument before the district court that Bobrick was the "real party in interest" in this action.

■ These arguments are entirely without merit. Whatever preclusive effect the Middle District decision has in this case is a function of the doctrine of issue preclusion. Claim preclusion does not obtain here because Appellant was not a party to the Middle District litigation. *Id.* at 285 (explaining that claim preclusion applies only where "the previous action involved the plaintiffs or those in privity with them"). We find unpersuasive (and bordering on frivolous) Appellant's assertion that the stipulation to abide by the Middle District's determination or Plaintiff–Appellee's real-party-in-interest argument make the application of claim preclusion appropriate despite the non-identity of parties.

Plaintiff–Appellee's stipulation is not to be interpreted as a stipulation to the application of claim preclusion. The stipulation is more naturally read as binding Plaintiff–Appellee to the *judgment* of the Middle District. That judgment allowed Plaintiff–Appellee's Lanham Act claim to proceed against Bobrick. As for Appellant's "real-party-in-interest" argument, which amounts to the transformation of an unrelated argument by Plaintiff–Appellee into a stipulation, we find that no such stipulation was made.

■ Even if Appellant's challenge is charitably construed as also raising arguments based on issue preclusion, the challenge fails. The fundamental flaw in Appellant's effort to have this Court reverse the district court's discretionary decision not to award attorney's fees is Appellant's misunderstanding of the critical distinction between the question before the district court, which was whether Plaintiff–Appellee brought this action in bad faith, and the question before the Middle District, which was whether Plaintiff–Appellee's substantive claim should prevail on the facts and legal arguments presented to that court. In ruling that Plaintiff–Appellee had not brought this action in bad faith, the district court did not address the ultimate merits of Plaintiff–Appellee's underlying claims. The district court's ruling, therefore, was not inconsistent with any merits-based rulings of the Middle District of Pennsylvania. For example, when the district court ruled that the 1974 Federal Trade Commission consent order provided Plaintiff–Appellee with a plausible justification for bringing this action, it was addressing a different question than was the Middle District court, and its ruling therefore did not conflict with the Middle District's ruling that the FTC consent order had not created a standard of conduct for Bobrick, *Santana Prods. v. Bobrick Washroom Equip., Inc.,* 249 F.Supp.2d 463, 529 (M.D.Pa.2003).

Furthermore, several of Appellant's arguments rest on serious misrepresentations of the record. For example, Appellant misrepresents the Middle District decision as rejecting Plaintiff–Appellee's arguments about "cost-control losses in other parts of the country" when the Middle District dismissed Bobrick's sales representatives from the case. Similarly, Appellant misstates the record when it claims that, in dismissing claims against the sales representatives, the Middle District had rejected a conspiracy theory of liability. Both statements are incorrect, as the Middle District dismissed Plaintiff–Appellee's Lanham Act claim against the sales representatives based solely on the *Noerr/Pennington* doctrine and without addressing the merits of the Lanham Act claim against them. *Santana Prods.*, 249 F.Supp.2d at 494 n. 24. We find these misstatements troubling and urge Appellant's counsel to review the record more carefully in the future.

■ Finally, we find no error in the district court's refusal to hold an additional hearing on Appellant's objections to the magistrate's report. For support, Appellant cites to *Crescent Publ'g Group, Inc. v. Playboy Enters.*, 246 F.3d 142 (2d Cir. 2001), where we held that "[w]hile not required in every case, an evidentiary hearing, or at the very least an opportunity to submit evidence, is necessary to determine the propriety of a fee award and the amount of such award if it is evident that the material facts necessary for those determinations are genuinely in dispute and cannot be resolved from the record,"

*id.* at 147. To the extent that *Crescent* required the district court to provide an opportunity to submit evidence when ruling on Appellant's application for attorney's fees, the opportunity was provided, albeit in front of the magistrate rather than the district court. Appellant did not seek to introduce additional evidence to the magistrate at that hearing.

■ Appellant's challenge is more accurately viewed as a claim that the district court abused its discretion in refusing to hold a hearing on its objections to the magistrate's report and recommendation. When so framed, that challenge fails. When the parties have not consented to be bound by a magistrate's recommendation, that recommendation is reviewed de novo by the district court. 28 U.S.C. § 636(b)(1). Even where witness credibility is at issue, however, "the statute calls for a de novo determination, not a de novo hearing." *United States v. Raddatz*, 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). The district court did not err in failing to hold a hearing on Defendant's objections to the magistrate's recommendation.[1]

We have considered all of Appellant's other arguments[2] and find them to be without merit. We **GRANT** Appellant's motion to supplement the record on appeal, and we **AFFIRM** the judgment of the District Court.

---

1. To the extent that Appellant is challenging its inability to file a reply brief under the applicable local rules, Defendant affirmatively waived that challenge when it stipulated to a briefing schedule that did not permit it to file a reply brief. *See* Stipulation for Objections to Chief Magistrate Judge Orenstein's Report and Recommendations (ordered by Ross, J.) (E.D.N.Y. June 16, 2006).

2. Pursuant to our decision to grant Appellant's motion to supplement the record, we reviewed these arguments in light of the supplementary materials, and we nonetheless find them unpersuasive.