**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-2187
_____

THE BOBRICK CORPORATION; BOBRICK WASHROOM EQUIPMENT;
THE HORNYAK GROUP, INC.,
                                                    Appellants

v.

SANTANA PRODUCTS, INC., SANTANA PRODUCTS LIQUIDATING TRUST;
MICHAEL T. LYNCH, SR.; MICHAEL T. LYNCH JR.; JOHN A. CARNEY;
JAMES M. GAVIGAN; WILLIAM E. JACKSON, ESQ.

On Appeal from the United States District Court
for the Middle District Of Pennsylvania
District Court No. 07-cv-01521
District Judge: The Honorable Thomas I. Vanaskie

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 21, 2011

Before: FUENTES, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: April 6, 2011)

_____

OPINION
_____

FUENTES, *Circuit Judge.*

This is the latest installment in a protracted, arduous, and complicated dispute dating back to 1996. Bobrick and Bobrick Washroom Equipment, Inc. ("Bobrick") are California corporations engaged in the business of manufacturing and selling toilet partitions. Hornyak Group Inc., is a sales representative for Bobrick in Pennsylvania, New Jersey, and Delaware. Santana is a Virginia corporation headquartered in Pennsylvania whose toilet partitions competed with those of Bobrick. In 1996, Santana brought an action against Bobrick and Hornyak alleging violations of state and antitrust law. After that suit was dismissed, Bobrick and Hornyak filed the complaint in this case, which alleged that Santana's[1] actions in the underlying antitrust litigation constituted a common law abuse of process claim and violated 42 Pa. C.S. § 8351(a), Pennsylvania's wrongful use of civil proceedings statute. Plaintiffs now appeal from the District Court's dismissal of their Amended Complaint. For the reasons set forth in the District Court opinion, we will affirm.[2]

## I.

The underlying facts relating to the original dispute between Bobrick, its sales agents, and Santana are discussed at length in our previous opinion, *see Santana v. Bobrick*, 401 F.3d 123 (3d Cir. 2005) ("*Bobrick I*"), and in the District Court's opinion

---

[1] Bobrick and Hornyak named Santana Products, Santana Products Liquidating Trust, Michael T. Lynch, Sr., Michael T. Lynch Jr., John A. Carney, James M. Gavigan and William E. Jackson, Santana's attorney in the underlying action, (collectively "Santana"), as defendants. Michael T. Lynch, Sr., was the owner and operator of Santana during the relevant time period. Lynch, Jr., Carney, and Gavigan were alleged to be part of the group responsible for the underlying litigation.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over this final order pursuant to 28 U.S.C. § 1291.

*sub judice*, *Bobrick v. Santana*, 698 F.Supp.2d 479 (M.D. Pa. 2010). Therefore, because we write only for the parties and assume their familiarity with the factual and procedural history of this case, we will set forth only the information necessary for resolution of the issues before us.

In 1996, Santana filed a complaint alleging that Bobrick, Hornyak, and another sales representative, Vogel Sales Company, were informing government architects that Santana's products posed a hazard under the fire safety codes in order to induce the government to specify Bobrick's products for use in its projects. The complaint alleged violations of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1-2, and a state law claim of tortious interference with a prospective contract.

In 2003, following three years of discovery that included 270 subpoenas, the deposition of 200 witnesses, the inspection of over a million pages of documents, and exchanges of 550,000 documents, the District Court issued an eighty-three page decision granting summary judgment in favor of defendants on the Sherman Act and state law claims, but denying summary judgment on the Lanham Act claim. *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 249 F.Supp.2d 463 (M.D. Pa. 2003).[3]

In *Bobrick I*, we affirmed the grant of summary judgment in favor of the defendants on the Sherman Act, Section 1 claim and the state law claim of tortious

---

[3] *See* 249 F.Supp.2d at 479-92 (discussing application of *Noerr/Pennington* doctrine), 503-15 (summary judgment in favor of defendants on Section 1 claim), 518-20 (summary judgment in favor of defendants on Section 2), 542 (summary judgment in favor of defendants on state law claim of tortious interference).

interference.[4]  401 F.3d at 131-35, 140-41.  However, we concluded that Santana's

Lanham Act claim was barred by the doctrine of laches, *id.* at 135-39, and thus refrained

from reaching the District Court's decision that Santana's claims were barred by the

*Noerr/Pennington* doctrine, *id.* at 130-31.  We therefore remanded the Lanham Act claim

with instructions for the District Court to dismiss it as barred by the doctrine of laches,

effectively terminating the litigation.  *Id.* at 141, *cert. denied*, *Santana Products, Inc. v.*

*Bobrick Washroom Equipment, Inc.*, 546 U.S. 1031 (2005).

Our decision in *Bobrick I* led to the next phase of this dispute.[5]  On August 17,

2007, Bobrick and Hornyak filed a two-count complaint in the District Court for the

Middle District of Pennsylvania against Santana.  Count One alleged a violation of  the

Dragonetti Act, Pennsylvania's statutory tort for wrongful use of civil proceedings, and

Count Two alleged a common law abuse of process claim.  A Dragonetti Act claim for

wrongful use of civil proceedings has five elements, that:  (1) the current plaintiff

prevailed in the underlying action; (2) the defendants acted in a grossly negligent manner

or without probable cause; (3) the defendant had an improper purpose in pursuing the

underlying action; (4) the proceedings terminated in favor of the plaintiff; and (5) the

plaintiff was harmed.  42 Pa. Cons. Stat. Ann. §§ 8351(a), 8352; *see also McNeil v.*

---

[4]  The parties did not appeal the District Court grant of Bobrick's summary judgment
motion on the Sherman Act Section 2 claim.

[5]  As the District Court noted, this Complaint constitutes the third unsuccessful attempt
by Bobrick or a Bobrick sales representative to seek fees or other redress for the
underlying litigation.  *See Santana Prods., Inc. v. Sylvester & Assoc., Ltd.,* No. 98-CV-
6721, 2006 U.S. Dist. LEXIS 98045, at *1 (E.D.N.Y. Nov. 8, 2006), *aff'd.,* 279 Fed.
Appx. 42 (2d Cir. 2008); *Vogel Sales Co. v. Santana Prods., Inc.,* No. 2005-CV-5085
(Lackawanna Co., May 23, 2007), *aff'd mem.,* 963 A.2d 581 (Pa. Super. 2008) *app.*
*denied,* 973 A.2d 412 (Pa. 2009).

*Jordan*, 894 A.2d 1260, 1274-75 (Pa. 2006). As for Count Two, the Pennsylvania common law tort of abuse of process permits a plaintiff to recover if he can "show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003).

On October 18, 2007, Santana and Jackson filed a joint motion to dismiss. On February 26, 2008, the District Court issued an order staying discovery, but permitted the deposition of one additional person. Oral argument on the motion to dismiss was held on June 27, 2008.

On March 22, 2010, the District Court granted the motion to dismiss. After examining the plain language of the Dragonetti Act, its purpose, and the court cases tackling the issue, the District Court concluded that a Dragonetti Act claim is not made out if there was probable cause for *any* of the claims in the underlying litigation. The court next found that, because probable cause existed for Santana's original Lanham Act claim, Bobrick's Dragonetti Act claim failed as a matter of law. The court also determined that the Amended Complaint did not contain factual claims and contentions showing that defendants were grossly negligent in bringing and continuing to prosecute the 1996 litigation, and thus the alternative grounds for a Dragonetti Act were also lacking. For these reasons, the motion to dismiss Count One was granted. Turning to Count Two, plaintiffs' abuse of process claim, the court concluded that the Amended Complaint did not allege facts from which it could be inferred that Santana's *primary*

purpose in bringing the underlying litigation was improper. Thus, Count Two was also dismissed.

## II.

On appeal, Bobrick and Hornyak argue that the District Court erred in its interpretation of the elements of a Dragonetti Act claim; erroneously found that there was probable cause for the Lanham Act claim; and improperly determined that the Amended Complaint did not contain sufficient allegations of "improper purpose" or "gross negligence" to survive a motion to dismiss. In addition, plaintiffs contend that the stay of discovery was an abuse of discretion.

In its detailed and thoughtful opinion, which was partly based on its significant experience with the underlying litigation and its related cases, the District Court explained its reasons for granting Santana's motion to dismiss on the same issues raised on appeal. Since we can add little to the District Court's reasoning, we will affirm the order granting summary judgment substantially for the reasons set forth in the court's thorough opinion.[6] In addition, after reviewing the briefs and the record, we are not persuaded by Bobrick and Hornyak's argument on appeal that the court made improper findings of fact, drew impermissible inferences in favor of Santana, inappropriately relied on other court decisions, or otherwise erroneously applied the Rule 12(b)(6) standard.[7]

---

[6] Therefore, we will also decline appellants' invitation to certify the Dragonetti Act issue to the Pennsylvania Supreme Court.

[7] On March 29, 2011, Bobrick and Hornyak submitted a letter pursuant to Rule 28(j) directing our attention to a case recently argued before the Supreme Court, *Fox v. Vice,* 594 F.3d 423 (5th Cir. 2010), *cert. granted*, 79 U.S.L.W. 3063 (U.S. Nov. 2, 2010) (No.

## III.

For the reasons above, we will affirm the District Court's grant of Santana and Jackson's motion to dismiss.

---

10-114).  The question in *Fox* is whether a defendant can recover fees under 42 U.S.C. § 1988 for a 42 U.S.C. § 1983 suit that is deemed frivolous, when the state law claims arising out of the same facts and conduct have not been deemed frivolous.  *Fox* also raises the question of how those fees should be apportioned.  After reviewing *Fox*, we conclude that the issues therein are not applicable to the matter before us.  *Fox* involves the interpretation of two federal statutes and does not appear to raise any constitutional issues.  In the instant case, we deal solely with issues of state law and the Pennsylvania Dragonetti Act.